TIMOTHY COURCHAINE
United States Attorney
District of Arizona
NEIL SINGH
Arizona State Bar No. 021327
LINDSEY E. GILMAN
Arizona State Bar No. 034003
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Email: neil.singh@usdoj.gov
Email: lindsey.gilman@usdoj.gov
*Attorneys for Defendant United States*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Crosby, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>               Defendant. | No. 2:24-cv-03307-DJH-CDB<br>No. 2:24-cv-03362-DJH-CDB<br>No. 2:24-cv-03363-DJH-CDB<br>No. 2:24-cv-03364-DJH-CDB<br>No. 2:24-cv-03365-DJH-CDB<br>(consolidated)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant United States of America hereby submits its Answer to Plaintiffs' First Amended Complaint (Doc. 17), in accordance with this Court's order. Doc. 26. Defendant has earlier filed a Motion to Dismiss. Doc. 23. Defendant will specify in this Answer any specific paragraphs or allegations that are not intended to be the subject of the Motion to Dismiss. Any allegations in the amended complaint that are not specifically addressed, are denied.

## I.  INTRODUCTION

The unnumbered clause under the Introduction heading of Plaintiffs' Amended

Complaint is a prefatory statement, to which no response is required.

## II. <u>JURISDICTION, VENUE, AND PARTIES</u>

1.      Paragraph 1 asserts legal conclusions and is therefore denied. Defendant specifically denies that this Court has subject matter jurisdiction.

2.      Paragraph 2 asserts legal conclusions and is therefore denied.

3.      Paragraph 3 asserts legal conclusions and is therefore denied.

4.      Paragraph 4 asserts legal conclusions and is therefore denied.

5.      Paragraph 5 asserts legal conclusions and is therefore denied.

6.      Defendant admits only that Plaintiffs presented administrative claims to the United States Navy on February 13, 2023, and denies all other allegations contained in Paragraph 6.

7.      Defendant admits the allegations contained in Paragraph 7.

8.      Defendant admits the allegations contained in Paragraph 8.

9.      Paragraph 9 asserts legal conclusions and is therefore denied.

10.     Defendant agrees venue is proper in this Court.

11.     Defendant admits only that it operated the Child Development Center at the Marine Corps Air Station. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint, and on that basis denies the allegations.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies the allegations.

13.     Defendant admits the allegations contained in Paragraph 13.

14.     Paragraph 14 of the Complaint is vague and ambiguous, and is therefore denied.

### III.    <u>COMPLIANCE WITH THE FEDERAL TORT CLAIMS ACT</u>

15.    Paragraph 15 contains legal assertions and conclusions and a legal characterization of Plaintiffs' Amended Complaint, to which no response is required. To the extent a response is required, Defendant denies the allegations.

### IV.    <u>THE DISCRETIONARY FUNCTION EXCEPTION</u>

16.    Paragraph 16 and its numerous subparts contain lengthy, narrative legal arguments, legal assertions and legal conclusions, and is therefore denied.

17.    Paragraph 17 asserts legal conclusions and is therefore denied.

18.    Paragraph 18 asserts legal conclusions and is therefore denied.

19.    Paragraph 19 asserts legal conclusions and is therefore denied.

### V.    <u>GENERAL ALLEGATIONS</u>

20.    Defendant repeats and incorporates by reference its previous responses to Paragraphs 1 – 19 above, as if fully set forth herein.

21.    Defendant admits that Plaintiff's minor son was in the care of the MCAS-Yuma CDC through March 2, 2021. As to any remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies the allegations.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis denies the allegations.

23.    Defendant admits that the Tiny Tots room "remained supervised by more than one CDC staff member at a time…" As to any remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis denies the allegations.

24.    Defendant admits that law enforcement developed a police report based on video footage. As to any remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and

on that basis denies the allegations.

25.    This paragraph attempts to paraphrase or characterize language contained in police reports and is therefore denied. In addition, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that additional basis denies the allegations.

26.    This paragraph attempts to paraphrase or characterize language contained in police reports and is therefore denied. In addition, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and on that additional basis denies the allegations.

27.    This paragraph attempts to paraphrase or characterize language contained in police reports and is therefore denied. In addition, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and on that additional basis denies the allegations.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies the allegations.

29.    This paragraph attempts to paraphrase or characterize language contained in police reports and is therefore denied. In addition, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that additional basis denies the allegations.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis denies the allegations.

31.    This paragraph attempts to paraphrase or characterize language contained in police reports and is therefore denied. In addition, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis denies the allegations.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis denies the allegations.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis, denies the allegations.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis denies the allegations.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis denies the allegations.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis denies the allegations.

## FIRST CLAIM FOR RELIEF
## (NEGLIGENCE)

37.     Paragraph 37 asserts legal conclusions and is therefore denied.

38.     Paragraph 38 asserts legal conclusions and is therefore denied.

39.     Paragraph 39 asserts legal conclusions and is therefore denied.

40.     Defendant denies the allegations contained in Paragraph 40 and specifically denies that such allegations can form the basis for suing the United States.

41.     Paragraph 41 asserts legal conclusions and is therefore denied.

42.     Paragraph 42 asserts legal conclusions and is therefore denied.

43.     Defendant denies the allegations contained in Paragraph 43. As to the relevant subparts:

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied. While this allegation may implicate the discretionary function exception that is the subject of Defendant's Motion to Dismiss, Defendant has not moved for its dismissal to the extent it alleges that a CDC employee actively and in real time witnessed an act of child abuse and failed to report it to law enforcement. Defendant may move for dismissal of such claims at a later stage of this litigation.

f. Denied.

g. Denied.

h. Denied.

i. Denied.

j. Denied. While this allegation may implicate the discretionary function exception that is the subject of Defendant's Motion to Dismiss, Defendant has not moved for its dismissal to the extent it alleges that a CDC employee actively and in real time witnessed an act of child abuse and failed to report it to law enforcement. Defendant may move for dismissal of such claims at a later stage of this litigation.

k. Denied.

l. Denied.

m. Denied.

n. Denied.

44.    Defendant denies the allegations contained in Paragraph 44.

45.    Defendant denies the allegations contained in Paragraph 45.

46.    Defendant denies the allegations contained in Paragraph 46.

47.    Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 47 and its subparts.

## SECOND CLAIM FOR RELIEF
## (NEGLIGENT HIRING)

48.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 – 47 above, as if fully set forth herein.

49.    Paragraph 49 asserts legal conclusions and is therefore denied.

50.    Paragraph 50 asserts legal conclusions and is therefore denied.

51.    Defendant denies the allegations contained in Paragraph 51.

52.    Defendant denies the allegations contained in Paragraph 52.

53.    Defendant denies the allegations contained in Paragraph 53.

54.    Defendant denies the allegations contained in Paragraph 54.

55.    Defendant denies the allegations contained in Paragraph 55.

56.    Defendant denies the allegations contained in Paragraph 56.

57.    Defendant denies the allegations contained in Paragraph 57.

58.    Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 58 and its subparts.

## THIRD CLAIM FOR RELIEF
## (NEGLIGENT TRAINING)

59.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 – 58 above, as if fully set forth herein.

60.    Paragraph 60 asserts legal conclusions and is therefore denied.

61.    Paragraph 61 asserts legal conclusions and is therefore denied.

62.    Defendant denies the allegations contained in Paragraph 62.

63.    Defendant denies the allegations contained in Paragraph 63.

64.    Defendant denies the allegations contained in Paragraph 64.

65.    Defendant denies the allegations contained in Paragraph 65.

66.    Defendant denies the allegations contained in Paragraph 66.

67.    Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 67 and its subparts.

## FOURTH CLAIM FOR RELIEF
## (NEGLIGENT SUPERVISION)

68.    Defendant repeats and incorporates by reference its responses to Paragraphs 1 – 67 above, as if fully set forth herein.

69.    Paragraph 69 contains legal conclusions and assertions and is therefore denied.

70.    Paragraph 70 contains legal conclusions and assertions and is therefore denied.

71.    Defendant denies the allegations contained in Paragraph 71.

72.    Paragraph 72 contains legal conclusions and assertions and is therefore denied.

73.    Paragraph 73 contains legal conclusions and assertions and is therefore denied.

74.    Paragraph 74 contains legal conclusions and assertions and is therefore denied.

75.    Defendant denies the allegations contained in Paragraph 75.

76.    Defendant denies the allegations contained in Paragraph 76.

77.    Defendant denies the allegations contained in Paragraph 77.

78.    Defendant denies the allegations contained in Paragraph 78.

79.    Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 79 and its subparts.

**FIFTH CLAIM FOR RELIEF**

**(NEGLIGENT RETENTION)**

80.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 – 79 above, as if fully set forth herein.

81.     Paragraph 81 contains legal conclusions and assertions and is therefore denied.

82.     Paragraph 82 contains legal conclusions and assertions and is therefore denied.

83.     Defendant denies the allegations contained in Paragraph 83.

84.     Defendant denies the allegations contained in Paragraph 84.

85.     Defendant denies the allegations contained in Paragraph 85.

86.     Defendant denies the allegations contained in Paragraph 86.

87.     Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 87.

**SIXTH CLAIM FOR RELIEF**

**(GROSS NEGLIGENCE)**

88.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 – 87 above, as if fully set forth herein.

89.     Paragraph 89 contains legal conclusions and assertions and is therefore denied.

90.     Defendant denies the allegations contained in Paragraph 90.

91.     Paragraph 91 contains legal conclusions and assertions and is therefore denied.

92.     Defendant denies the allegations contained in Paragraph 92.

93.     Defendant denies the allegations contained in Paragraph 93.

94. Paragraph 94 contains legal conclusions and assertions and is therefore denied.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 96 and its subparts.

## SEVENTH CLAIM FOR RELIEF

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

97. Defendant repeats and incorporates by reference its responses to Paragraphs 1 – 96 above, as if fully set forth herein.

98. Defendant denies the allegations contained in Paragraph 98.

99. Defendant denies the allegations contained in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

101. Defendant denies the allegations contained in Paragraph 101.

102. Defendant denies the allegations contained in Paragraph 102.

103. Defendant denies the allegations contained in Paragraph 103.

104. Defendant denies the allegations contained in Paragraph 104.

105. Defendant denies the allegations contained in Paragraph 105.

106. Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 106 and its subparts.

### AFFIRMATIVE DFEFENSES

1. This Court lacks jurisdiction over the subject matter of the action.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The claims do not allege a negligent or wrongful act by an employee of the Government.

4. Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

5.     No acts or omissions by the United States were the proximate cause of any injury to the plaintiffs.

6.     The Complaint seeks damages for an injury as to which the Civil Service Reform Act provides the exclusive remedies, if any.

7.     The Complaint seeks damages for an injury as to which the Federal Employees' Compensation Act provides the exclusive remedies, if any. 5 U.S.C. § 8116(c).

8.     The Court lacks jurisdiction over the subject matter because the alleged injury arose from activity incident to military service. *Feres v. United States,* 340 U.S. 135, 146 (1950).

9.     The plaintiff does not possess a tort claim under the law of the place where the alleged negligent or wrongful acts and omissions occurred.

10.     The Complaint alleges negligent or wrongful acts and omissions as to which the defendant is qualifiedly immune from suit.

11.     The Court lacks subject-matter jurisdiction because the United States District Courts have exclusive jurisdiction of civil actions on claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

12.     The allegedly negligent or wrongful acts and omissions were beyond the scope of employment.

13.     The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation. 28 U.S.C. § 2680(a).

14.     The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

- 11 -

15.     The claims arise out of an assault or battery by a Government employee who was not an investigative or law enforcement officer and who was acting within the scope of employment, and they are therefore barred. 28 U.S.C. § 2680(h).

16.     Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount against Defendant that is more than that set forth in the administrative claim presented to the United States Navy.

17.     Attorney's fees taken out of the judgment or settlement are governed by statute. 28 U.S.C. § 2678.

18.     Pursuant to 28 U.S.C. § 2412(b), Plaintiff is not entitled to attorney's fees or pre-judgment interest.

19.     Defendant asserts that it has, or may have, additional affirmative defenses that are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, for the foregoing reasons, Defendant respectfully submits that Plaintiffs are not entitled to any relief, monetary or non-monetary, and requests that Plaintiffs' Amended Complaint against the United States be dismissed, that judgment be entered in favor of the United States, with prejudice and with costs, and for such other and further relief as the Court may deem to be just and proper.

Respectfully submitted on May 1, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/*Neil Singh*
NEIL SINGH
LINDSEY E. GILMAN
Assistant United States Attorneys
*Attorneys for Defendant United States*

- 12 -